

# Fourth Court of Appeals
## San Antonio, Texas

November 18, 2020

No. 04-20-00015-CR

Bronwen Victoria **MCHENRY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 18-0847-CR-A
Honorable Jessica Crawford, Judge Presiding

# O R D E R

Appellant's brief was due to be filed on May 6, 2020; however, neither the brief nor a motion for extension of time to file the brief was filed. On August 18, 2020, we abated this appeal and ordered the trial court to conduct a hearing to answer the questions (1) whether appellant desired to prosecute her appeal, (2) whether appellant is indigent and, if so, whether she is entitled to appointment of new counsel, and (3) whether appointed counsel has abandoned the appeal. The trial court held a hearing on September 3, 2020. Appellant was not present. The trial court noted, at the hearing, that its records showed that appellant had been released on parole from the Texas Department of Criminal Justice on or about July 17, 2020. The trial court further noted that it had sent a notice of the hearing to appellant at her last known address prior to incarceration by certified and regular mail, but the notices were returned unclaimed.

After the hearing, the trial court entered findings of fact and conclusions of law. The trial court found that it had sent notices to appellant as described at the hearing. As to question one, the trial court found:

> Appellant stated it was her desire to appeal her sentence on the record when she was sentenced by this Court of December 3, 2019. The Appellant has had no contact with this Court since her release from the Texas Department of Criminal Justice and did not appear at the hearing conducted on September 3.

The trial court stated that it was unable to answer question two, regarding appellant's financial ability to afford an attorney, because the trial court had had no contact with appellant. The trial court found, as to question three, that appellant was proceeding *pro se* in her appeal and that

appellant's previously appointed counsel had not abandoned the appeal because she had been ordered withdrawn.

The trial court clerk filed a supplemental clerk's record with our court. The record contains an advisory from the Texas Department of Criminal Justice – Parole Division, stating that appellant was released from custody on July 17, 2020. A deputy clerk of our court contacted the Texas Department of Criminal Justice to ascertain whether appellant had provided the Texas Department of Criminal Justice with an updated address, and the Department responded that it had no information responsive to our request. A deputy clerk of our court also telephoned a number that appellant had listed in a document in the clerk's record, but the number was not receiving calls.

In light of the foregoing, we construe the trial court's finding that appellant has had no contact with the trial court since her release from custody as a finding that appellant no longer desires to prosecute the appeal. *See Lopez v. State*, No. 04-18-00335-CR, 2019 WL 208564, at *1 (Tex. App.—San Antonio Jan. 16, 2019, no pet.) (mem. op., not designated for publication) (describing the trial court's determination that a *pro se* appellant had abandoned his appeal based on his failure to attend a hearing after notice had been sent to the appellant's last known address). In a criminal appeal, "[i]f the trial court has found that the appellant no longer desires to prosecute the appeal, . . . the appellate court may consider the appeal without briefs, as justice may require." *See* TEX. R. APP. P. 38.8(b)(4).

We now ORDER this appeal reinstated on the docket of our court. If appellant wishes this court to dismiss the appeal, she should file a motion to dismiss pursuant to Rule 42.2(a) of the Texas Rules of Appellate Procedure. If no motion to dismiss is filed on or before **December 3, 2020**, then we will decide her appeal based on the record alone and without briefs. *See* TEX. R. APP. P. 38.8(b)(4). The clerk of this court is instructed to send a copy of this order to appellant at her last known address.

_____
Rebeca C. Martinez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 18th day of November, 2020.

_____
MICHAEL A. CRUZ, Clerk of Court